ERNEST ROBERTSON *v.* NATIONWIDE MUTUAL
INSURANCE COMPANY ET AL.
(7444)

SPALLONE, NORCOTT and LAVERY, Js.

Argued November 16, 1989—decision released February 6, 1990

*Lawrence H. Dickson,* for the appellant (plaintiff).

*Barbara B. Sacks,* with whom, on the brief, was
*Patricia Shea Lovell,* for the appellees (defendants).

SPALLONE, J. The plaintiff appeals from a judgment
rendered in his favor, after a trial to a state trial ref-
eree, claiming that the referee erred in failing to con-
strue ambiguous insurance contract language in favor
of the insured. We find no error.

The plaintiff, Ernest Robertson, owned a 1957 Gull
Wing Mercedes that he had purchased for $36,000 from
Herman Quint. Robertson, Quint and other joint ven-

turers had formed an antique car restoration business and agreed that the vehicle would be restored and shown for promotional purposes. The disassembled car was kept in the garage of the plaintiff's residence from which Quint allegedly removed it to California after the business failed.

The plaintiff claimed the vehicle as a loss under his homeowner's insurance policy which was issued by the defendant Nationwide Mutual Insurance Company. The policy contains provisions for loss of personal property and for loss of business property up to a limit of $500. The policy also explicitly excludes motor vehicles, except those in "dead storage." The plaintiff claimed that the vehicle was personal property or, in the alternative, a vehicle in dead storage. The defendant disclaimed all liability for the loss of a motor vehicle. Unable to resolve his claim, the plaintiff brought suit to enforce the provisions of the policy and the matter was heard by a state trial referee.

At trial, the parties stipulated the issues as follows: "(1) Whether the property, which is the subject of this matter, is in fact personal property covered by the insurance policy, specifically whether or not it is excluded as a motor vehicle, and (2) whether or not this property is business property used in the conduct of a business which would limit recovery under the policy to five hundred dollars." In his memorandum of decision, the state trial referee answered both questions in the affirmative, that is, (1) yes, the property in question was a motor vehicle and thus excluded from coverage, and (2) yes, although a motor vehicle and excluded as such under the policy, the car was nevertheless business property used in a business and subject to a maximum recovery of $500. The trial court thereupon rendered judgment for the plaintiff to collect damages of $500. This appeal followed.

The plaintiff claims on appeal that the trial referee erred in failing to find various contract terms to be ambiguous and unclear and in failing to resolve the alleged ambiguities against the insurance company as required by law. See *Beach* v. *Middlesex Mutual Assurance Co.,* 205 Conn. 246, 250, 532 A.2d 1297 (1987); *Izzo* v. *Colonial Penn Ins. Co.,* 203 Conn. 305, 309–10, 524 A.2d 641 (1987); *Carley* v. *Lumbermens Mutual Casualty Co.,* 10 Conn. App. 135, 143, 521 A.2d 1053 (1987). The plaintiff, in essence, asks us to retry the issues in this case and reverse the findings below. This we cannot do.

On appeal, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. Practice Book § 4061; *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Ram Roofing & Sheet Metal Co.* v. *A.B.C. Plumbing & Heating, Inc.,* 2 Conn. App. 54, 56, 475 A.2d 341 (1984). This court cannot find fact or draw conclusions from primary facts found, but can only review such findings to determine whether they could have legally, logically and reasonably been found by the trier. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982).

Nothing in the trier's memorandum of decision indicates that he found the specific terms of the insurance policy to be vague or ambiguous, and we will not " 'torture words to import ambiguity.' " *Carley* v. *Lumbermens Mutual Casualty Co.,* supra, 142. The policy excludes coverage for "motorized land vehicles . . . designed for travel on public roads as subject to motor vehicle registration." The trier found that the plaintiff's car, even disassembled, met this definition of a motor vehicle. The trier found that the vehicle was designed for highway travel, would be subject to vehicle registration when that use was made, and that the vehicle did not meet the definition of personal prop-

erty. The trier further noted that the plaintiff did not notify the defendant, as required, that he was holding a particular item of personal property of considerable value.

Moreover, if the trier had found a term to be ambiguous, there is no indication in the record that he failed to construe the term against the defendant. For example, the trier found that the car met the definition of business property, notwithstanding that the plaintiff's business had failed some time before the loss.

We conclude that the factual findings of the trier are not clearly erroneous in view of the evidence and the pleadings in the whole record, and that the decision is not otherwise erroneous in law.

There is no error.

In this opinion the other judges concurred.