WILLIAM T. BEAZLEY COMPANY *v.*
ROBERT C. STREETO
(6986)

DUPONT, C. J., O'CONNELL and LAVERY, Js.

Argued December 6, 1989—decision released February 27, 1990

*David Pinciaro,* with whom, on the brief, was *Frank Toro, Jr.,* for the appellant (defendant).

*Paul E. Barrett, Jr.,* for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from the judgment for the plaintiff rendered by the trial court on a

factfinder's report. The sole issue on appeal is whether the plaintiff real estate broker produced a buyer *able* to purchase the defendant's property. We find no error.

The plaintiff corporation, a licensed real estate brokerage firm, and the defendant entered into a real estate listing agreement to sell the defendant's East Haven property. While the agreement was in effect, the plaintiff secured potential purchasers who had executed a lease with an option to buy the property for $74,900. The factfinder determined that the purchasers had done all that was necessary to exercise the option. The defendant, however, did not convey the property to the purchasers. The plaintiff brought this action for its commission, claiming that it had produced a buyer ready, willing and able to purchase the property. The defendant does not dispute that the buyers were ready and willing, but contends that they were not financially able to make the purchase.

After an initial hearing, the trial court sustained the defendant's objection to that portion of the factfinder's report relating to the buyer's financial ability and remanded the case for a further hearing limited to "the sole issue of the financial ability of the [buyers] to complete the purchase under the terms of the option." On remand, the factfinder heard testimony from an acknowledged expert in mortgage lending that the buyers would be eligible for mortgage financing on the premises for the full amount necessary to purchase the property. The expert furnished the basis for his opinion and was fully cross-examined by the defendant.

At the conclusion of the second hearing, the factfinder "found that the evidence clearly demonstrated the financial ability of the [buyers] to complete the purchase under the terms of the option." Following a final hearing on the defendant's objection to the acceptance

of the finding of facts on remand, the court rendered judgment for the plaintiff for $4494.

The defendant's case is based on a clause in the option stating that the buyers would have to qualify for a $59,900 mortgage. The difference between that and the amount needed to buy the property was to be supplied by a gift or loan from the parents of one of the buyers. The defendant relies on the rule in *Frumento* v. *Mezzanotte,* 192 Conn. 606, 617, 473 A.2d 1193 (1984), that when a purchaser is dependent upon third persons who are in no way bound to furnish him with funds, he is not able to make the purchase. A broker in such a situation has not produced a buyer ready, willing and able and, therefore, is not entitled to a commission. *Frumento,* however, is inapposite to the facts of the present case. Here, the plaintiff demonstrated through the mortgage expert that the buyers were not *dependent* upon third parties, but were instead able to finance the entire purchase price through normal mortgage channels. The mortgage expert testified that the buyers qualified for a mortgage sufficient to cover the difference between their down payment and the purchase price.

Both the trial court and this court on appellate review are bound by the factfinder's findings, unless they are clearly erroneous and unsupported by the evidence. *Wilcox Trucking, Inc.* v. *Mansour Builders, Inc.,* 20 Conn. App. 420, 425, 567 A.2d 1250 (1989). In the present case, there was ample evidence from the mortgage expert that the buyers were financially capable of making the purchase without assistance from a third party. The defendant's attack, in this court, on the expert's testimony is unavailing because he seeks to have us assess the witness' credibility. He asks that we substitute our opinion for that of the trier of facts. We cannot do so. Id., 423.

The plaintiff has shown by a preponderance of the evidence that it produced a ready, willing and financially able buyer. *DiBella* v. *Widlitz,* 207 Conn. 194, 200, 541 A.2d 91 (1988). Therefore the plaintiff is entitled to the judgment of $4494.

There is no error.

In this opinion the other judges concurred.