R. ZEMPER AND ASSOCIATES *v.* THOMAS J.
SCOZZAFAVA, JR.
(10814)

FOTI, LANDAU and FREEDMAN, Js.

Argued June 8—decision released August 11, 1992

*Joseph M. Brophy,* with whom, on the brief, was *Marylouise S. Black,* for the appellant (plaintiff).

*Jackie Chan,* for the appellee (defendant).

FREEDMAN, J. The plaintiff appeals from the judgment of the trial court rendered in favor of the defendant. The plaintiff brought this action for breach of contract and quantum meruit for fees due it because it proffered a ready, willing and able buyer to the defendant, who then refused to complete the transaction. The plaintiff claims that the trial court improperly found that the plaintiff failed to meet its burden of proof that the purchaser was financially able to complete the proposed transaction. We disagree and affirm the judgment of the trial court.

The trial court found the following facts. On July 31, 1986, after some discussion with the plaintiff's agent, Joseph Mahoney, the defendant entered into a listing agreement with the plaintiff granting to the plaintiff the sole and exclusive right to sell his dry cleaning business, known as Newtown Cleaners. The business was placed on the market for sale at $185,000, to be paid in the following manner: $90,000 in cash and a $95,000 five year note, amortized over twenty years, with a balloon payment at the end of five years. Additionally, the

agreement provided that the plaintiff would receive 10 percent of the purchase price if it presented to the seller a buyer who was ready, willing and able to purchase the business on the terms and conditions set forth by the buyer. The agreement was limited in term to either the sale of the business or October 31, 1986, whichever occurred first.

During the month of August, 1986, the plaintiff's agents showed the defendant's business to several prospective buyers. On September 3, 1986, Richard Fonte, principal owner of F and M Associates, offered, through the plaintiff, to purchase the defendant's business. The offer provided that Fonte was to provide $90,000 of his own funds to complete the transaction, and that the remaining $95,000 of the purchase price would consist of a five year note given by Fonte to the defendant. This offer essentially matched the terms set forth by the defendant in the listing agreement. On that date, Ronald Zemper telephoned the defendant to advise him of the offer to purchase. Thereafter, the defendant went to the plaintiff's Danbury office and advised Zemper that he rejected the offer because he no longer wanted to sell the business.

The plaintiff commenced this action to collect the $18,500 commission for the services rendered pursuant to the contract with the defendant. After a trial to the court, the trial court rendered judgment in favor of the defendant. The trial court determined that the plaintiff had failed to sustain its burden of proving that it had produced a buyer who was financially able to purchase the defendant's business. In its memorandum of decision, the trial court stated: "While it is clear from the evidence that Richard E. Fonte, principal of F & M Associates, owned two other dry cleaning stores at the time he offered to purchase the defendant's [business] and that he purchased three more stores sometime after his offer was rejected, such is not proof of

his ability to raise the $89,000 balance necessary to purchase the defendant's business. . . . The court heard no testimony regarding Mr. Fonte's finances or his potential to raise or borrow the necessary funds so as to be able to close the sale/purchase as required. See *William T. Beazley Co.* v. *Streeto,* 20 Conn. App. 718, 570 A.2d 233 (1990), and *Steiner* v. *Bran Park Associates,* 216 Conn. 419, 423, 428, 582 A.2d 173 (1990), concerning the requirement that a broker prove the buyer's financial ability to make the purchase to be entitled to judgment."[1]

" 'To recover a commission, a broker must ordinarily show . . . that he has produced a customer ready, willing and able to buy on terms acceptable to the seller . . . .' (Citations omitted.) *Howland* v. *Schweir,* 7 Conn. App. 709, 713, 510 A.2d 215 (1986); see *McCutcheon & Burr, Inc.* v. *Berman,* 218 Conn. 512, 519, 590 A.2d 438 (1991)." *Ditchkus Real Estate Co.* v. *Storm,* 25 Conn. App. 51, 54, 592 A.2d 959, cert. denied, 220 Conn. 905, 593 A.2d 971 (1991). The plaintiff must show by a preponderance of the evidence that the buyer it produced was ready, willing and financially able to purchase the business. *William T. Beazley Co.* v. *Streeto,* supra, 721. The determination of whether a buyer was ready, willing and able to purchase the business is a question of fact. *Parkway Trailer Sales, Inc.* v. *Wooldridge Bros., Inc.,* 148 Conn. 21, 26, 166 A.2d 710 (1960); *Romaniello* v. *Pensiero,* 21 Conn. App. 57, 60, 571 A.2d 145 (1990).

"When the factual basis of the trial court's decision is challenged on appeal, the role of this court is to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole rec-

---

[1] The sum of $1000 had already been paid by Fonte at the time of the offer to purchase.

ord, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980)." *Cupina* v. *Bernklau,* 17 Conn. App. 159, 161, 551 A.2d 37 (1989). "The trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Cupina* v. *Bernklau,* supra, 162. "On appeal, the function of this court is limited solely to the determination of whether the decision of the trial court is clearly erroneous. . . . This court cannot find fact or draw conclusions from primary facts found, but can only review such findings to determine whether they could have legally, logically and reasonably been found by the trier. . . ." (Citations omitted.) *Robertson* v. *Nationwide Mutual Ins. Co.,* 20 Conn. App. 635, 637, 569 A.2d 565 (1990).

The trial court concluded that the plaintiff presented "no evidence" to support a finding that Fonte was financially able to purchase the defendant's business. The plaintiff claims that this conclusion is clearly erroneous. He directs our attention to several pieces of testimony that, he suggests, adequately support a finding that Fonte was financially able to purchase the business.

He points to the following examples. Fonte's testimony includes his affirmative answer to the following question by the plaintiff's attorney: "Mr. Fonte—you were ready, willing and able to purchase this business in accordance with the offer that you presented which is plaintiff's exhibit B?" Exhibit B was Fonte's written offer to purchase, in which he indicated that he would pay the purchase price under the terms specified in the listing agreement, including the $90,000 up front payment. The plaintiff also adduced the testimony of Zemper, who testified that he prequalified all potential business buyers before showing them any businesses for sale. Additionally, the plaintiff adduced testimony from Fonte that at the time of his offer to

the defendant, he owned two other cleaners in the area, and that he purchased three more stores sometime after the defendant rejected his offer.

Despite this testimony, the trial court could reasonably and logically have concluded that it was not established by a preponderance of the evidence that Fonte had the requisite $89,000 available to complete the transaction. There was no evidence presented as to how much and under what circumstances Fonte paid for the other cleaners, or how soon after his offer to purchase the defendant's business those other purchases were made. Further, there was no evidence presented as to how much money Fonte earned from or had available to him from the other cleaners that he owned. As for Zemper's testimony that he prequalified all prospective purchasers, there was no testimony given that this meant that Fonte had the necessary funds available for the closing. Furthermore, "[i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. *Season-All Industries, Inc.* v. *R.J. Grosso, Inc.*, 213 Conn. 486, 498, 569 A.2d 32 (1990)." *K.A. Thompson Electric Co.* v. *Wesco, Inc.*, 27 Conn. App. 120, 126, 604 A.2d 828 (1992).

" 'As a reviewing court, we cannot sift and weigh evidence; for to do so would usurp the role of the trial court. *State* v. *Cofield,* 220 Conn. 38, 49, 595 A.2d 1349 (1991); *Essex Savings Bank* v. *Leeker,* 2 Conn. App. 98, 102, 476 A.2d 1071 (1984).' *Catania* v. *Catania,* [26 Conn. App. 359, 365, 597 A.2d 1285 (1992)]." *Lester* v. *Resort Camplands International, Inc.,* 27 Conn. App. 59, 66, 605 A.2d 550 (1992). We conclude that the trial court's finding that the plaintiff failed to sustain its burden of proving that it had produced a buyer who was financially able to purchase the defendant's business was not clearly erroneous.

The plaintiff also claims that the trial court incorrectly held him to a higher standard of proof, namely, proof by clear and convincing evidence. There is nothing in the record to support this claim. "The correctness of a judgment of a court of general jurisdiction is presumed in the absence of evidence to the contrary. We do not presume error. The burden is on the appellant to prove harmful error." *Carothers* v. *Capozziello,* 215 Conn. 82, 105, 574 A.2d 1268 (1990). Absent such an indication in the record, "it would be sheer speculation for this court to assume that the trial court applied the incorrect legal standard." Id.

The judgment is affirmed.

In this opinion the other judges concurred.