## WILLIAM RAVEIS REAL ESTATE, INC. *v.* AXEL STAWSKI ET AL.
### (10606)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued April 1—decision released June 15, 1993

*Michael P. Foley, Jr.,* for the appellants (defendants).

*Stephanie Z. Roberge,* with whom was *Stanton H. Lesser,* for the appellee (plaintiff).

O'CONNELL, J. The defendant[1] appeals from the judgment of the state trial referee, acting as the trial court,

---

[1] There are two defendants, Axel Stawski and Lilly Stawski. Because most of the events described in this opinion directly involve only Axel Stawski, we refer to the defendants in the singular for the sake of simplicity.

for the plaintiff real estate broker in this action to recover a real estate commission. The defendant claims that the trial court improperly found (1) that the plaintiff produced a ready, willing and able buyer on the terms and conditions of the listing contract, and (2) that the binder between the defendant and the proposed buyer constituted an enforceable contract. We affirm the judgment of the trial court.

The following facts were found by the trial court. On February 6, 1991, the plaintiff sent a proposed listing contract to the defendant. The contract provided the plaintiff with the exclusive right, from February 8, 1989, to February 16, 1989, to sell the defendant's property for $1,300,000. The defendant, who has a law degree and broad real estate experience, made several changes to the contract[2] before returning it to the plaintiff. These changes included (1) an extension of its expiration date to March 5, 1989, (2) the elimination of the term providing that oral offers could be accepted by the defendant, and (3) the addition of a condition precedent to the payment of a commission that the buyer "actually closes title on the property."[3]

On February 11, 1989, the plaintiff obtained an offer to purchase the property for the full asking price. The buyer signed a binder, specifying a closing date of May 1, 1989, and submitted a deposit of $13,000. The binder was forwarded to the defendant and on February 15, 1989, the defendant crossed out the requested

[2] The defendant testified that he has a law degree and broad experience in the field of real estate.

[3] As altered, the commission clause provided "I/we will pay you a commission or fee of 5% of the agreed upon sales price at closing, even if the term of the agreement has expired, if: (a) the PROPERTY is sold during the term of this agreement; or (b) during the term of this agreement, I/we, you or any one else produces a buyer ready, willing and able to buy the property, either for the price and upon the terms described herein, or for any other price and terms acceptable to me/us and he actually closes title on the property."

closing date and replaced it with July 1, 1989. The defendant signed the binder in the space entitled "Acceptance." Thereafter, by letter dated February 16, 1989, the defendant advised the plaintiff that he had returned the binder after making several changes including a revision of the closing date. He requested that the plaintiff send him a note signed by the buyer not later than February 17, 1989, indicating the buyer's acceptance. During the same time period, beginning on February 15, 1989, the buyer's attorney had several conversations with the defendant regarding the closing date and the title. On March 2, 1989, the attorney orally informed the defendant that the buyer agreed to the July 1, 1989 closing date. The buyer also spoke directly with the defendant on either February 28, 1989, or March 1, 1989, and agreed to the July 1, 1989 closing date.[4]

On March 6, 1989, the day after the listing contract had terminated, the defendant sent the plaintiff a letter notifying it that he had been unable to reach an agreement with the buyer on the conditions of the sale and requested the return of his house keys. The transaction was not consummated, no commission was paid and on March 14, 1989, the plaintiff commenced this action. Following a trial to the court, the plaintiff was awarded a commission of $65,000 plus interest and costs. The defendant appealed.

The outcome of this appeal is governed by the settled principle that a broker's right to recover a commission arises from the terms of the listing contract. *Revere Real Estate, Inc.* v. *Cerato,* 186 Conn. 74, 77, 438 A.2d 1202 (1982). In the present case, the listing contract provided that the plaintiff was entitled to a

---

[4] The record indicates that at some time after February 13, 1989, the plaintiff changed the closing date to June 1, 1989. This proposed closing date was not submitted to the defendant.

commission if either (1) a buyer who was ready, willing and able to purchase the property on the terms and conditions of the listing contract was produced, or (2) the property was sold.[5]

The defendant's appeal erroneously focuses almost exclusively on the trial court's determination that the binder between the defendant and the proposed buyer was an enforceable contract and, as a result, the property was sold. In addition, however, the trial court found that the plaintiff had produced a buyer within the terms and conditions of the listing contract. The listing contract provided that a commission was payable upon either occurrence. Consequently, because we conclude that the trial court properly determined that the plaintiff produced a buyer within the terms and conditions of the listing contract, we do not consider the defendant's claim challenging the enforceability of the binder.

The determination of whether a buyer is ready, willing and able is a question of fact; *R. Zemper & Associates* v. *Scozzafava,* 28 Conn. App. 557, 560, 611 A.2d 449 (1992); and will not be reversed unless the trial court's findings are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The defendant does not contend that the buyer was either financially unable to purchase the property; see, e.g., *William T. Beazley Co.* v. *Streeto,* 20 Conn. App. 718, 720, 570 A.2d 233 (1990); or unwilling to purchase the property. The gravamen of the defendant's argument is that the court improperly found that the buyer was produced within the terms and conditions of the contract.

---

[5] The listing contract; see footnote 3, supra; echoes the general rule that a brokerage firm may recover a commission if "it has procured a customer who is ready, willing, and able to buy on terms and conditions prescribed or agreed to by the seller" or "if it has brought the buyer and the seller to an enforceable agreement." *Revere Real Estate, Inc.* v. *Cerato,* 186 Conn. 74, 77–78, 438 A.2d 1202 (1982).

First, he argues that the buyer never agreed to his requested July closing date. After hearing conflicting testimony on this issue, the trial court found, however, that the parties had indeed agreed on July 1, 1989, as the closing date. The trial court explained that its finding was "based on the credibility of the plaintiff's witnesses and the lack of credibility on the part of [Axel] Stawski." The trier of fact is the final judge of the credibility of witnesses. *R. Zemper & Associates* v. *Scozzafava,* supra, 561. This court cannot find facts but can only review the findings to determine whether they legally, logically and reasonably could have been found by the trier. Id. Our review of this finding satisfies us that it is not clearly erroneous.

The defendant next argues that two of the conditions he added to the contract were not satisfied. First, he correctly observes that because the transaction was not consummated, the plaintiff did not satisfy the defendant's condition that there must be a closing before a commission is payable. It is true that a listing contract may "make the broker's right to a commission dependent upon specific conditions, such as the consummation of the transaction and the full performance of the sales contract." *Revere Real Estate, Inc.* v. *Cerato,* supra, 78; *William Pitt, Inc.* v. *Taylor,* 186 Conn. 82, 84, 438 A.2d 1206 (1982).

The defendant's argument, however, ignores the trial court's finding that the defendant, by effectively stating in his letter of March 6, 1989, that he would not proceed with the sale of the property, wrongfully prevented the buyer from completing performance of the sales contract and, thus, prevented the plaintiff from satisfying the closing requirement of the listing agreement. "Certainly a defendant who has wrongfully prevented the other party from completing performance cannot set up the nonperformance of the other as a defense." *Burns* v. *Gould,* 172 Conn. 210, 221, 374

A.2d 193 (1977). Consequently, the defendant cannot cite the plaintiff's nonperformance as a bar to the plaintiff's recovery of a commission.

Second, the defendant asserts that the condition of the contract that all offers be in writing was not satisfied. He theorizes that because the agreement concerning the closing date of July 1, 1989, was oral the condition was not satisfied. This claim is also without merit. The section of the listing contract entitled "Acceptance of an Offer" was altered by the defendant to provide as follows: "1. An offer may be accepted by me. 2. An offer may be accepted in a writing which states the price and other terms." Even assuming arguendo that the language of this section precluded the acceptance of oral offers by the defendant, it has no application to the present situation because the defendant did not accept any oral offers. The trial court found that the defendant's changing of the closing date from the buyer's requested date of May 1, 1989 to July 1, 1989, constituted a counteroffer. This counteroffer, which was entirely in writing, was then orally accepted by the buyer. Nothing in this provision specified that the buyer could not orally accept a written offer extended by the defendant. Therefore, neither this condition nor the condition requiring a closing precludes the plaintiff from recovering a commission.

Accordingly, our review of the record satisfies us that the trial court's determination that the buyer was ready, willing and able to purchase the defendant's property within the terms and conditions of the listing contract was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.