[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion for summary judgment should be granted if there are no material facts in dispute and, as a matter of law, the movant is entitled to judgment. Practice Book 384; Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "`"The test is whether a party would be entitled to a directed verdict on the same facts."'" (Citations omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier CT Page 4191 of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198, 319 A.2d 403 (1972).
Consequently, the pleadings, affidavits and other supplementary documentation must be viewed in the light most favorable to the nonmovant. Scrapchansky v. Plainfield, supra, 450. The burden of proof to show that there are no material facts in dispute is on the movant. Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99, cert. denied ___ U.S. ___, 114 S.Ct. 176, ___ L.Ed.2d ___ (1993). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). A genuine issue of material fact is one which "requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." United Oil v. Urban Redevelopment Commission,158 Conn. 364, 378-79, 260 A.2d 596 (1969).
The plaintiff argues that, pursuant to the listing agreement, it is entitled to a commission for producing a buyer who was ready, willing, and able to purchase the property. The defendants argue that there are material issues of fact in dispute regarding the terms of the sales contract.
A listing agreement is a separate undertaking from the sales contract. William Pitt, Inc. v. Taylor, 186 Conn. 82, 84,438 A.2d 1206 (1982). The broker's right to a commission depends on the terms of the listing contract, which must be in writing, and must comply with General Statutes 20-325a(b) in order to be enforceable. Revere Real Estate, Inc. v. Covino,186 Conn. 74, 77, 438 A.2d 1202 (1982). It is not disputed that the listing agreement is enforceable.
The listing agreement in the present case provides that the defendants:
 will pay [the plaintiff] as a fee for [its] services 6% of the agreed upon sales price, . . . if during the term of this contract: a) The Listed Property is sold; or b) [the defendants, plaintiff], or anyone else finds a buyer ready, willing and able to buy the Listed Property either for the Listed Price or for any CT Page 4192 other price accepted by [the defendants]; or c) [the defendants, plaintiff], or anyone else obtains a binding enforceable agreement between [the defendants] and a buyer to sell/purchase the Listed Property.
Whether a buyer is ready, willing, and able to purchase a property is a question of fact. R. Zemper Associates v. Scozzafava, 28 Conn. App. 557, 560, 611 A.2d 449 (1992). The broker bears the burden of proof as to whether the buyer was ready, willing and able to purchase the property. See Id.
In their affidavits, Christine and Richard Caron state that at all times they were "willing and able to purchase" the property. They also state that they paid a $3,000.00 deposit; the defendants took a purchase money mortgage of $54,400.00; and Christine Caron's parents "obtained a Home Equity Loan on their home in the amount of $15,000.00" in accordance with the sales contract that was given as a gift to the Carons in order to purchase the property. The plaintiff has also submitted a copy of the Caron's credit reports. Nevertheless, there is no evidence of the Caron's income, assets, or any documentation of the mortgages described by the Carons in their affidavits. Furthermore, neither party has addressed the content of the credit report.
The plaintiff has failed to sustain its burden of proof in showing that the buyers were ready, willing and able to purchase the property. Accordingly, the plaintiff's motion for summary judgment is denied.
/s/ Sylvester, J. SYLVESTER CT Page 4193