[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR SUMMARY JUDGMENT #101
The plaintiff, Alan A. Fischer, filed a one-count complaint against the defendant, the Estate or Grace M. Manero, on November 4, 1997. The plaintiff alleges that he is a real estate broker who entered into written contract on November 3, 1995 with the defendant's decedent to negotiable a sale of real estate, located at 2045 Boston Avenue, Bridgeport. The contract provided that the defendant agreed to pay the plaintiff a commission if the plaintiff introduced to a buyer who was ready, willing and able to purchase the properly or a buyer who executed a binding agreement to purchase the listed property during the listing period or within 365 days after the listing expired. The plaintiff alleges that he transmitted an offer CT Page 4647 from such a buyer, Gus Curcio, on January 24, 1996, but that this offer was rejected by the defendant's decedent. Subsequent to the expiration of the contract on May 30, 1996, Curcio purchased the property from the defendant's decedent pursuant to a second offer made by Curcio on November 26, 1996 through a different broker. The defendant's decedent accepted the offer and the property was transferred to Curcio on March 31, 1997. The plaintiff now claims that he is entitled to a $14,000 commission under the original listing contract, because Curcio made an offer for the property within the 365 day period after the expiration of the first listing agreement.
On November 25, 1997, the defendant filed a motion for summary judgment on the grounds that there is no genuine issue of material fact in dispute, and that the defendant is entitled to judgment as a matter of law. The plaintiff filed a brief in opposition to the motion for summary on January 8, 1998. The matter was heard by the court on January 20, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter or law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Bruttomesso v. NortheasternConnecticut Sexual Assault Crisis Services Inc., 242 Conn. 1,5-6, 698 A.2d 795 (1997).
The defendant argues that there was no buyer ready, willing and able to purchase the property on terms acceptable to the decedent, and that the plaintiff never brought the decedent and Curcio to an enforceable agreement. The defendant argues that the second accepted offer was different from the first rejected CT Page 4648 offer, and that the accepted offer came while a new and separate listing agreement was in effect. In support of its motion, the defendant has submitted both of the listing agreements, the affidavit of Gerald Nucera,[1] and a letter sent from the plaintiff's attorney to the defendant's attorney regarding this matter.
The defendant also argues that General Statutes § 20-325a
was not complied with, because the signature of the decedent was not acknowledged to be her free act and deed and was not attested to by two witnesses pursuant to General Statutes § 47-5. The defendant further claims that paragraph three of the first listing agreement is invalid and unenforceable pursuant to General Statutes § 20-320 (6),[2] because it provides for a fixed termination date of May 30, 1996, but also allows a commission if a buyer, either during or within 365 days after the listing period expires, executes a binding agreement to purchase the listed property that is acceptable to the owner. The defendant also argues that even if the terms of paragraph three are enforceable, the plaintiff did not produce an offer that was acceptable to the decedent.
The plaintiff argues that the ultimate purchaser was introduced to the property within the terms of the first listing agreement. Arguing that a ready, willing and able buyer, by definition, includes one who purchases the property within 365 days of the expiration of the listing agreement. In addition, the plaintiff argues that General Statutes § 20-325a(b)(a)(7), which requires execution in accordance with General Statutes §47-5, applies only to an agent authorized to act on behalf of an owner, and does not apply to the property owner. Finally, the plaintiff argues that General Statutes § 20-320 (6) provides for the suspension or revocation of a real estate broker's license where a listing agreement has a termination date and also provides for the continuation of the agreement beyond that date, but the statute does not render such a listing agreement void. Thus, the plaintiff argues that while he may be subject to the penalties of the statute, it has no bearing on his claim for a commission.
"To recover a commission, a broker must ordinarily show . . . that he has produced a customer ready, willing and able to buy on terms acceptable to the seller . . . . The [broker] must show by a preponderance of the evidence that the buyer it produced was ready, willing and financially able to purchase the CT Page 4649 [property]. The determination or whether a buyer was ready, willing and able to purchase the [property] is a question of fact." (Citations omitted; internal quotation marks omitted.)R. Zemper Associates v. Scozzafava, 28 Conn. App. 557, 560,611 A.2d 449 (1992). Here, the parties do not agree that the plaintiff produced a ready, willing and able buyer during the period of the listing agreement. The defendant argues that Curcio purchased the property pursuant to a separate listing agreement from that entered into with the plaintiff, while the plaintiff argues that Curcio purchased the subject property within the 365 day period from the termination of the first listing agreement. The parties also disagree over the definition of "ready, willing and able."
Thus, a material issue of fact remains in dispute as to whether the plaintiff produced Curcio as a ready, willing and able purchaser of the property, which is a threshold requirement for the plaintiff to recover any commission. Accordingly, defendant's motion for summary judgment is denied.
David W. Skolnick, Judge