[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kinsella Associates, a licensed real estate brokerage, brought this action against the defendants, Andrew and Theresa Laird, to collect a commission in accordance with a real estate listing agreement. According to the plaintiff, on October 19, 1999, it entered into a written contract to list for sale the defendants' real property located at 8 Crescent Drive in Danbury. The contract provided that the defendants would pay the plaintiff a commission if, inter alia, the plaintiff, the defendants, or "anyone else finds a Buyer ready, willing and able to buy . . . the property for the sale price or any other price agreed upon by" the defendants. The term of the listing agreement was from October 23, 1999 through April 30; 2000, and the sale price of the property was set at $144,900. The defendants subsequently reduced the sale price to $139,900, beginning March 1, 2000.
On March 22, 2000, the defendants agreed to sell their property to JoAnn Reyes for $133,950. On March 30, 2000, Jeffrey Reese made a written offer to purchase the defendants' property for $138,000. Thereafter, the defendants terminated the agreement with Reyes, because Reyes was unable to secure a mortgage. On June 9, 2000, subsequent to the term of the listing agreement, the defendants accepted an offer from Reese upon the same terms and conditions as contained in Reese's original offer.
On August 9, 2000, the plaintiff filed a one count complaint against the defendants, alleging that it is entitled to recover a $3,450 commission from the defendants pursuant to the listing agreement. On November 28, 2000, the defendants filed a motion for summary judgment. In response, the plaintiff filed an objection to the defendants' motion and a memorandum in support thereof.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; CT Page 4199 internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
The defendants move for summary judgment on the ground that, as a matter of law, the plaintiff is not entitled to recover a commission from the defendants under the terms of the listing agreement. Specifically, the defendants argue that no buyer ready, willing and able to purchase the property was found during the term of the listing agreement. The plaintiff contends that Reese, the ultimate purchaser of the property, was introduced to the defendants as a ready, willing and able buyer within the term of the listing agreement.
"To recover a commission, a broker must ordinarily show (1) that he has produced a customer ready, willing and able to buy on terms acceptable to the seller, or (2) that he has brought the buyer and seller to an enforceable agreement." Ditchkus Real Estate Co. v. Storm,25 Conn. App. 51, 54, 592 A.2d 959, cert. denied, 220 Conn. 905,593 A.2d 971 (1991). "The determination of whether a buyer is ready, willing and able is a question of fact. . . ." William Raveis RealEstate, Inc. v. Stawski, 31 Conn. App. 608, 611, 626 A.2d 797 (1993).
In the present case, viewing the evidence in a light most favorable to the nonmoving party, a genuine issue of material fact remains in dispute as to whether the plaintiff produced a ready, willing and able purchaser of the defendants' property. Accordingly, the defendants' motion for summary judgment is denied.
White, J.