J-A08029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIZABETH STARRY | : | |
| | : | |
| Appellant | : | No. 688 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 7, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000420-2022

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                     **FILED MAY 15, 2024**

Appellant, Elizabeth Starry, appeals from the judgment of sentence entered on February 7, 2023.  We affirm.

The Commonwealth charged Appellant with a variety of crimes, including aggravated assault under 18 Pa.C.S.A. § 2702(a)(3),[1] simple

_____

[1] Section 2702(a)(3) declares that a person is guilty of aggravated assault if she:

> attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty.

18 Pa.C.S.A. § 2702(a)(3).

Subsection (c) lists 39 categories of "officers, agents, employees and other persons" who fall under the protection of Section 2702(a)(3).  Included amongst the list are individuals who are a "health care practitioner or technician."  18 Pa.C.S.A. § 2702(c)(39).

assault, and possessing instruments of crime. Appellant proceeded to a bench trial on November 17, 2022, where the following evidence was presented.

Kathleen Lorenz testified that, on November 1, 2021, she was working in Philadelphia's Nazareth Hospital, as the emergency department manager. She testified that, at around 10:30 in the morning, she heard screaming and yelling coming from Appellant's room in the emergency department. When Ms. Lorenz went to investigate, she saw Appellant "yelling and screaming that . . . she was unhappy, she wanted someone to help her." N.T. Trial, 11/17/22, at 9-10. Ms. Lorenz testified that Appellant called her "a fucking cunt" and "threatened to kill [her] children" and then, from a distance of five to six feet away, Appellant threw a urine-filled commode bucket at Ms. Lorenz. *Id.* at 12-13. Ms. Lorenz testified that the bucket hit the glass door "right next to where [she was] standing" and that the urine hit her in the "[u]pper part of her body," covering her "head down to her stomach area" with urine. *Id.* at 14 and 24-25.

At the conclusion of the trial, the trial court stated on the record:

> So, I find Ms. Lorenz's testimony to be consistent. I find it to be credible. Additionally, I find that under 2702(a)(6)(39), I find the elements for a simple assault here because there is an . . . attempt to put [Ms. Lorenz] in fear of serious bodily injury. Serious bodily injury did not occur in this case. However, Ms. Lorenz was in fear of serious bodily injury. She is a protected class under (a)(6)(39) and as such, I find [Appellant] guilty of aggravated assault [and] simple assault and I do not find her guilty of possessing instruments of crime.

*Id.* at 50-51.

As the trial court later observed, it "cited the wrong aggravated assault statute on the record when delivering its ruling." Trial Court Opinion, 7/7/23, at 2. Indeed, "18 Pa.C.S.A. § 2702(a)(6)(39)" is a non-existent statutory subsection. Nevertheless, Appellant did not object to the trial court's mistake. Further, on December 1, 2022, the trial court entered its written verdict, which correctly declared that Appellant was guilty of aggravated assault under 18 Pa.C.S.A. § 2702(a)(3) and simple assault and not guilty of possessing instruments of crime. *See* Trial Court Written Verdict, 12/1/22, at 1.

On February 7, 2023, the trial court sentenced Appellant to serve three years of probation for her aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(3). Appellant filed a timely notice of appeal. She numbers three claims on appeal:

> [1.] Was not [A]ppellant's conviction of aggravated assault under section 2702(a)(6) a nullity and her sentence illegal, as a matter of law, inasmuch as [A]ppellant was charged with aggravated assault under 2702(a)(3), but convicted and sentenced for 2702(a)(6), which is a separate and distinct crime with which appellant had not been charged?
>
> [2.] Was not the evidence insufficient as a matter of law to convict [A]ppellant of aggravated assault, 18 Pa.C.S. § 2702(a)(6), as well as simple assault 2701(a)(3), where the Commonwealth failed to prove beyond a reasonable doubt an essential element of the offence, that [A]ppellant intentionally, knowingly or recklessly attempted by physical menace to put the complainant in fear of imminent serious bodily injury?
>
> [3.] In the alternative, the evidence was also insufficient as a matter of law to convict [A]ppellant of aggravated assault, 18 Pa.C.S. § 2702(a)(3), as well as simple assault 2701(a)(1), which is the crime for which she was charged in

- 3 -

the Bills of Information, and the charge which appears on the sentencing commitment sheets, as the Commonwealth failed to prove beyond a reasonable doubt two essential[] elements of the offence, first that [A]ppellant acted either intentionally or knowingly, and second, the Commonwealth failed to prove beyond a reasonable doubt that [A]ppellant caused bodily injury to the complainant.

Appellant's Brief at 3.

First, Appellant claims that the trial court erroneously convicted her of aggravated assault under 18 Pa.C.S.A. § 2702(a)(6). According to Appellant, since she was never charged with this type of aggravated assault, her conviction is a nullity and her sentence is illegal. **See** Appellant's Brief at 12. Appellant's claim fails.

At the outset, "[t]he law is clear . . . that a court is without jurisdiction to convict a defendant of a crime for which [she] was not charged." **Commonwealth v. Serrano**, 61 A.3d 279, 287 (Pa. Super. 2013). Indeed, "[t]here are two requirements for subject matter jurisdiction as it relates to criminal defendants: competency of the court to hear the case, and formal and specific notice to the defendant." **Commonwealth v. McGarry**, 172 A.3d 60, 66 (Pa. Super. 2017). Thus, "[t]o invoke the jurisdiction of the court to try an accused for a criminal offense, it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged." **Commonwealth v. Speller**, 458 A.2d 198, 203 (Pa. Super. 1983) (quotation marks and citations omitted). This is true unless the offense for which the defendant is convicted is considered a lesser-included offense of the crime originally charged.

In the case at bar, however, Appellant was not convicted of the uncharged crime of aggravated assault under Section 2702(a)(6)[2] – rather, Appellant was charged with and properly convicted of aggravated assault under Section 2702(a)(3).

As noted above, at the conclusion of Appellant's trial, the trial court stated on the record:

> So, I find Ms. Lorenz's testimony to be consistent. I find it to be credible. Additionally, I find that under 2702(a)(6)(39), I find the elements for a simple assault here because there is an . . . attempt to put [Ms. Lorenz] in fear of serious bodily injury. Serious bodily injury did not occur in this case. However, Ms. Lorenz was in fear of serious bodily injury. She is a protected class under (a)(6)(39) and as such, I find [Appellant] guilty of aggravated assault [and] simple assault and I do not find her guilty of possessing instruments of crime.

N.T. Trial, 11/17/22, at 50-51.

Obviously, as the trial court later observed, it "cited the wrong aggravated assault statute on the record when delivering its ruling." Trial Court Opinion, 7/7/23, at 2. Certainly, "18 Pa.C.S.A. § 2702(a)(6)(39)" is a non-existent statutory subsection. Further, and importantly, the trial court's

---

[2] Section 2702(a)(6) declares that a person commits aggravated assault where she:

> attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2702(a)(6).

innocuous slip of the tongue during its oral findings of fact and conclusions of law did not alter its **verdict**, which was: "I find [Appellant] guilty of aggravated assault [and] simple assault and I do not find her guilty of possessing instruments of crime." N.T. Trial, 11/17/22, at 50-51.

"Generally, a criminal verdict is a binary decision – the fact finder will determine, based upon the evidence presented and the applicable law, whether a defendant is guilty or not guilty of a particular charge." ***Commonwealth v. Fudge***, 213 A.3d 321, 331 (Pa. Super. 2019). The Commonwealth's information defined the particular aggravated assault charge levied against Appellant as aggravated assault under Section 2702(a)(3). **See** Commonwealth's Information, 1/27/22, at 1. Moreover, following trial, the trial court rendered a general verdict, which found Appellant "guilty of aggravated assault." N.T. Trial, 11/17/22, at 50-51; ***see also Fritz v. Wright***, 907 A.2d 1083, 1091 (Pa. 2006) (in the civil context, declaring: "[a] general verdict is a finding by the jury in terms of the issue or issues referred to them and is, either wholly or in part, for the plaintiff or for the defendant. BLACK'S LAW DICTIONARY (8th ed. 2004) (defining general verdict as a verdict 'by which the jury finds in favor of one party or the other'). Thus, when a trial judge requires only a general verdict slip, a jury will be call[ed] upon only to find 'for plaintiff in the amount of . . .' or 'for defendant'") (some citations omitted); ***Commonwealth v. Bigelow***, 611 A.2d 449, 452 (Pa. Super. 1992) ("[t]he verdict rendered by the trial judge after a non-jury trial is a general verdict"). Simply stated, since the Commonwealth charged

Appellant with aggravated assault under Section 2702(a)(3), tried Appellant on the charge of aggravated assault under Section 2702(a)(3), and submitted to the trial court the question of Appellant's guilt or innocence on the charge of aggravated assault under Section 2702(a)(3), the trial court's general verdict of "guilty of aggravated assault" declared that Appellant was guilty of aggravated assault under Section 2702(a)(3).

On appeal, Appellant essentially requests that this Court look behind the trial court's general verdict of "guilty of aggravated assault" and ascertain whether the trial court's oral findings of fact and conclusions of law meant that the trial court intended to find Appellant guilty of the uncharged crime of aggravated assault under Section 2702(a)(6). We will not do so. As our Supreme Court has explained:

> In a bench trial, the trial judge shall determine all questions of law and fact and render a verdict which shall have the same force and effect as a verdict of a jury. This rule, [the Supreme Court has] held, restricts the trial judge's authority over the verdict in a nonjury trial to one which is no greater than his or her authority over a jury verdict. The fact that a court reached the verdict [does] not make the verdict less firm than a jury verdict, nor [does] it make it malleable and capable of later revision by the court. Instead, a court's authority over a jury verdict is limited to consideration of postverdict motions in arrest of judgment or the granting of a new trial.

***Commonwealth v. Chambers***, 310 A.3d 76 (Pa. 2024) (quotation marks, footnotes, and corrections omitted).

The ***Chambers*** Court further explained:

> Pennsylvania law does not require consistency between factual findings and the ultimate verdict rendered. It is not even necessary that a verdict be consistent with other verdicts rendered in the same trial. Once a verdict has been validly rendered, there is no basis to "look behind" the verdict to the factfinder's reasoning or specific findings of fact.

*Id.* (footnotes, brackets, and some quotation marks omitted).

In the case at bar, the trial court rendered a valid, general verdict, finding Appellant "guilty of aggravated assault." N.T. Trial, 11/17/22, at 50-51. As explained above, this general verdict found Appellant guilty of the charged and submitted crime of aggravated assault under Section 2702(a)(3). To paraphrase the **Chambers** Court: "the law affords no basis for [Appellant] subsequently to attempt to mold [the trial court's] verdict to its findings of fact, or to its intentions or beliefs. A valid verdict does not mutate into an invalid one simply because it does not conform to the particulars of a trial court's findings of fact." **Chambers**, 310 A.3d at 76.

Therefore, since Appellant was not convicted of the uncharged crime of aggravated assault under Section 2702(a)(6), Appellant's first claim on appeal fails. In like manner, as Appellant was not convicted of aggravated assault under Section 2702(a)(6) (or its simple assault parallel under Section 2701(a)(3))[3], Appellant's second numbered claim on appeal necessarily fails.

---

[3] 18 Pa.C.S.A. § 2701(a)(3) declares that, "[e]xcept as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if [she]":

> attempts by physical menace to put another in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2701(a)(3).

- 8 -

*See* Appellant's Brief at 22 (claiming that the evidence was insufficient to support her "convictions" for aggravated assault under Section 2702(a)(6) and simple assault under Section 2701(a)(3)).

Finally, Appellant claims that the evidence was insufficient to support her convictions for aggravated assault under Section 2702(a)(3) and simple assault under Section 2701(a)(1).

We review Appellant's sufficiency of the evidence challenge under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Callen*, 198 A.3d 1149, 1167 (Pa. Super. 2018) (citations and quotation marks omitted).

On appeal, Appellant contends that the evidence was insufficient to support her convictions for aggravated assault under Section 2702(a)(3) and simple assault under Section 2701(a)(1). Section 2702(a)(3) declares that a person is guilty of aggravated assault if she:

> attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty.

18 Pa.C.S.A. § 2702(a)(3).[4]

Section 2701(a)(1) declares that, "[e]xcept as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if [she]":

> attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa.C.S.A. § 2701(a)(1). Under both sections, the term "bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

According to Appellant, the evidence was insufficient to support her convictions because:

> The record does not support the [trial] court's finding that [Appellant] specifically intended to cause bodily injury to Ms. Lorenz when she threw the commode bucket near Ms. Lorenz, splattering urine on her. Rather, the evidence merely supports the inference that [Appellant] was acting out in frustration upon being discharged while she was still

_____

[4] Subsection (c) lists 39 categories of "officers, agents, employees and other persons" who fall under the protection of Section 2702(a)(3). Included amongst the list are individuals who are a "health care practitioner or technician." 18 Pa.C.S.A. § 2702(c)(39).

- 10 -

receiving IV treatment, and she was still in a significant amount of pain.

Appellant's Brief at 23-24.

Appellant's claim fails. As the trial court ably explained:

In the case at bar, the facts clearly support [the conclusion that] Appellant intended to cause injury to [Ms. Lorenz]. [Ms. Lorenz] worked in a hospital when she overheard a commotion coming from Appellant's room and subsequently investigated. When [Ms. Lorenz] reached Appellant's room, she stood by the door and witnessed Appellant screaming. [Ms. Lorenz] attempted to de-escalate the situation, but to no avail as Appellant continued to incessantly scream. Appellant [] directed her rage at [Ms. Lorenz] by calling her a "fucking cunt" and threatened to kill [Ms. Lorenz's] children. Appellant then threw the urine-filled commode [at Ms. Lorenz from a] distance of approximately five to six feet. The commode struck the door next to [Ms. Lorenz], near her head, and the urine burst out and spilled all over [Ms. Lorenz]. . . .

Appellant's rage may have originated prior to [Ms. Lorenz's] arrival to her room; however, it is reasonable to believe Appellant direct[ed] her rage and intended to cause injury to [Ms. Lorenz] based on her actions. The targeted threats and then [the] throwing of the urine-filled commode near [Ms. Lorenz's] head thereby drenching her in urine, clearly demonstrate Appellant intended to cause injury to [Ms. Lorenz].

Trial Court Opinion, 7/7/23, at 9-10 (citations omitted).

We agree with the trial court's able explanation. Thus, Appellant's final claim on appeal fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/15/2024