WILLIAM PITT, INC., ET AL. *v.*
CHARLES G. TAYLOR ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued December 2, 1981—decision released January 19, 1982

*Allan P. Cramer,* with whom was *Anthony E. Ahern,* for the appellants (plaintiffs).

*Thomas J. Rosati,* for the appellees (defendants).

PETERS, J. This is an action to recover a real estate commission in accordance with the terms of a listing agreement between the plaintiff, William Pitt, Inc., a broker,[1] and the defendants, Charles G. Taylor and Helen T. Taylor, the owners of certain real estate in Stamford. The defendants filed a motion for summary judgment which the trial court granted. The plaintiffs have appealed.

___

[1] Gale Schroder was also named as plaintiff, but the record does not reveal any diversity of interest between Schroder and the named plaintiff.

The trial court's memorandum of decision and the record reveal the following facts. The parties signed a listing contract on September 28, 1977, in which the named plaintiff agreed to procure a buyer for real property at 1006 Westover Road, Stamford, for the price of $172,000 or "on such other terms and conditions as shall be acceptable to the said owner."[2] The broker submitted an undated written offer to purchase in the amount of $147,300, which the defendants allegedly accepted orally. The defendants never signed a written contract with the buyers whom the broker had procured.

The trial court granted the defendants' motion for summary judgment on the basis that the plaintiffs had failed to meet the requirements of General Statutes § 20-325a. That statute requires a listing contract to be an agreement which is dated and signed by the parties thereto.[3] *Revere Real Estate, Inc.* v. *Cerato,* 186 Conn. 74, 77, 438 A.2d 1202 (1982); *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 229–30, 439 A.2d 947 (1981); *Hossan* v. *Hudiakoff,* 178 Conn. 381, 382, 423 A.2d 108 (1979).

[2] Although the trial court's memorandum of decision describes the listing agreement as conferring authority to sell the property "at $172,000," there does not appear to be any dispute that the listing agreement, which was attached to the motion for summary judgment, in fact contains additional language permitting variation in the price term with the owner's consent.

[3] General Statutes § 20-325a provides, in relevant part: "(b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the parties thereto."

The trial court held that the statute's requirements pertained not only to the listing contract, but also to the sales contract, and that the plaintiffs could not recover a commission without producing a dated contract of sale signed by the defendants. In this conclusion it was in error.

As we have noted in *Revere Real Estate, Inc.* v. *Cerato,* supra, the employment contract between a broker and an owner of real property, the listing contract, is an undertaking separate and apart from the sales contract between a seller and buyer of real property. Listing contracts are governed exclusively by § 20-325a; such contracts do not fall within our statute of frauds. *Brazo* v. *Real Estate Commission,* 177 Conn. 515, 522, 418 A.2d 883 (1979); *Stagg* v. *Lawton,* 133 Conn. 203, 209, 49 A.2d 599 (1946); *Cone* v. *Pedersen,* 131 Conn. 374, 377–78, 40 A.2d 274 (1944). The writing required by § 20-325a pertains only to the listing contract and not to the sales contract. If the broker and the owner have entered into a valid, written listing contract in conformity with the requirements of § 20-325a, the broker is entitled to a commission upon whatever terms the listing contract stipulates. The broker and the owner may agree, by the terms of the listing contract, that the broker is not entitled to a commission until a written sales contract has been signed or consummated, but a listing contract which is not so limited is equally binding. *Revere Real Estate, Inc.* v. *Cerato,* supra; *Walsh* v. *Turlick,* 164 Conn. 75, 80, 316 A.2d 759 (1972). The parties may provide, in the listing contract, that the broker will have earned his commission, in advance of the execution of a sales contract, by procuring a purchaser who is ready, willing, and able to buy upon

terms and conditions acceptable to the owner. See *Lavitt* v. *Aberle,* 144 Conn. 723, 724, 138 A.2d 318 (1957) ; *Finch* v. *Donella,* 136 Conn. 621, 626, 73 A.2d 336 (1950). Nothing in § 20-325a forbids the negotiation of such terms in a listing contract. Such terms were apparently negotiated by the parties in this case.

The trial court was therefore in error in granting summary judgment to the defendants on the basis of § 20-325a. Since there was a genuine issue of material fact between the parties; Practice Book § 384; *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 5–6, 357 A.2d 484 (1975) ; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378–80, 260 A.2d 596 (1969) ; the case was not ready to be resolved by summary judgment. The parties were in disagreement about a crucial issue, whether the defendants had in fact orally accepted the offer to purchase their property. The trial court made no ruling whatsoever on this issue. The plaintiffs are entitled to the opportunity to present whatever evidence they may be able to muster on a matter so central to their theory of recovery. If any other issues develop at trial, they too deserve to be aired; nothing said herein should be taken as an indication that we are limiting further proceedings to this one issue only.

There is error, the judgment for the defendants is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.