WALTER R. HOLMES *v.* PREFERRED PROPERTIES, INC.
(11961)

HEALEY, PARSKEY, SHEA, GRILLO and SPONZO, Js.

Argued June 9—decision released August 2, 1983

---

*Stephen A. Wise,* with whom, on the brief, was *Robert P. Layton,* for the appellant (plaintiff).

*Steven W. Russo,* for the appellee (defendant).

PARSKEY, J. The plaintiff real estate salesman brought an action against the defendant real estate agency to recover a share of a broker's commission. The court rendered a judgment for the defendant and the plaintiff appealed.

The narrow issue presented by this appeal is whether the requirements of General Statutes § 20-325a (b)[1] are applicable to a suit on an employment contract by the

---

[1] General Statutes § 20-325a provides, in pertinent part: "ACTIONS TO RECOVER COMMISSIONS ARISING OUT OF REAL ESTATE TRANSACTIONS. (a) No person who is not licensed under the provisions of this chapter, and who was not so licensed at the time he performed the acts or rendered the services for which recovery is sought, shall commence or bring any action in any court of this state, after October 1, 1971, to recover any commission, compensation or other payment in respect of any act done or service rendered by him, the doing or rendering of which is prohibited under the provisions of this chapter except by persons duly licensed under this chapter.

"(b) No person, licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the parties thereto."

employee broker salesman against the employer real estate agency for a share of real estate commissions paid to the agency.[2]

The facts may be summarized as follows: The plaintiff was, in 1977, a licensed real estate salesman. The defendant, Preferred Properties, Inc., is a Connecticut corporation which conducts its business as a real estate agency at various locations in this state including Darien and Greenwich.

From approximately April 1, 1977, to October, 1978, the plaintiff was associated with the defendant as a salesman. In July, 1978, the plaintiff induced his friend, James Crimmins, to list his home with Preferred Properties. In August, 1978, Crimmins signed a listing agreement with the defendant's Greenwich office.[3] During the summer of 1978, the plaintiff was present at the Crimmins home and conducted an open house showing of the property. The plaintiff was discharged by the defendant in October, 1978.

In June, 1980, a portion of the Crimmins property was sold and the defendant received a commission of $18,000. Thereafter, in July, 1981, the remainder of the Crimmins property was sold, entitling the defendant to a commission of $5850. Also in June, 1980, Crimmins purchased a new home through the defendant on which the defendant received a commission.[4]

The plaintiff, in January, 1982, brought suit against the defendant in two counts. The plaintiff alleged a con-

[2] Our view of the case makes it unnecessary to reach the other claim raised by the plaintiff, viz., whether the court erred in determining that the employment contract did not meet the requirements of General Statutes § 20-325a (b).

[3] The parties do not challenge the validity of the listing agreement.

[4] The amount of this commission remains in dispute. The plaintiff in his complaint alleges that the defendant received a commission of $27,600 from this transaction. The defendant in its answer denied this amount and claimed instead that it received a commission in the amount of $15,000. The court did not resolve this issue.

tract with the defendant entitling him to one-half of the defendant's commission on any sale of the Crimmins property. The first count of the plaintiff's complaint sought a share of the commissions paid to the defendant with regard to the sale of the two parcels of property owned by Crimmins. The second count sought a share of the defendant's commission earned through the sale of a new home to Crimmins.

The trial court applied the requirements of General Statutes § 20-325a (b) to the written employment contract between the plaintiff and the defendant.[5] The court, noting that the plaintiff's address was absent from the contract,[6] rendered a judgment for the defendant.

The defendant, in support of the judgment, argues that the plaintiff is barred from bringing an action to recover a share of the commissions absent an agreement in compliance with § 20-325a. The plaintiff, on the other hand, argues that the decision below is a misapplication of § 20-325a (b) to an independent employment agreement which is not covered by the statute. We agree with the plaintiff.

In previous decisions by this court it has been firmly established that listing contracts are governed exclusively by § 20-325a. *William Pitt, Inc.* v. *Taylor,* 186 Conn. 82, 84, 438 A.2d 1206 (1982). To be enforceable the listing contract must be in writing and must contain the information enumerated in § 20-325a (b). *Revere Real Estate, Inc.* v. *Cerato,* 186 Conn. 74, 77, 438 A.2d 1202 (1982).

---

[5] The plaintiff's complaint made no allegation of a written employment agreement. During the course of the trial, however, the defendant produced a written employment contract which the plaintiff, 82 years old, had forgotten. The court found that, although the pleadings did not so indicate, the plaintiff's action was based on this written employment contract.

[6] See General Statutes § 20-325a (b) (2).

In *William Pitt, Inc.* v. *Taylor,* supra, 84, this court found error where the trial court applied the requirements of § 20-325a to a sales contract. Therein, the trial court held that the statute's requirements pertained not only to the listing contract, but also to the sales contract, and that the plaintiffs could not recover a commission without producing a dated contract of sale signed by the defendants. In reversing, this court observed that the listing contract was an undertaking separate and apart from the sales contract between a seller and a buyer of real property. We held that the writing required by § 20-325a pertained only to the listing contract and not to the sales contract. Id. Implicit in that decision was a rejection of the notion that all contracts related to real estate must conform to § 20-325a.

The present case may be resolved in a similar fashion. Herein, the plaintiff, a former employee real estate salesman of the defendant real estate agency, brought suit on an employment agreement between the plaintiff and the defendant seeking a share of commissions already paid to the defendant. This employment agreement was separate and apart from the listing agreement to which Crimmins and the defendant were parties. The plaintiff's suit did not depend on the listing agreement. This is not an action for a commission; rather, it is a suit by an employee under an employment contract for a commission paid to his employer. We do not view the compensation due from a real estate broker to his salesman-employee as being a commission within the contemplation of the statute. See *Borisoff* v. *Schatten,* 335 Mich. 684, 686, 57 N.W.2d 430 (1953); *Thompson* v. *Carey's Real Estate,* 335 Mich. 474, 477, 56 N.W.2d 255 (1953). What the plaintiff and the defendant really contracted for is not the payment of a commission but a division of the fruits of their joint

efforts which come to them from the owner in the shape of a commission. See *Dura* v. *Walker, Hart & Co.,* 27 N.Y.2d 346, 351–52, 267 N.E.2d 83 (1971). The plaintiff's cause of action arose out of his employment contract with the defendant and is not an action seeking to recover a commission arising out of a real estate transaction. See General Statutes § 20-325a.

We conclude, therefore, that the requirements of General Statutes § 20-325a (b) are not applicable to a suit on an employment contract brought by an employee real estate salesman against his employer real estate agency for a share of commissions paid to the agency.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.