[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The issue raised in the motion at bar is whether the evidence warranted a duty of care to the plaintiff-decedent.
Plaintiff, Ruth H. Catania, Administratrix of the Estate of Salvatore T. Catania, brought a wrongful death action against the defendant, Inter-Community Mental Health Group, Inc. CT Page 2958
Summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book Sec. 384; Bartha v. Waterbury House Wrecking Co., 190 Conn. 811
(1983). The party seeking summary judgment has the burden of showing the non-existence of any genuinely disputed material facts. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
1980). A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a genuine issue of material fact. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). The facts presented must be viewed in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317 (1984); see Nolan v. Borkowski, 206 Conn. 495,506-07 (1988); Rawlings v. New Haven, 206 Conn. 100, 104 (1988).
Defendant operated a social and recreational club for adults with mental or emotional problems, known as the Common Ground Social Club [hereinafter Common Ground] in Glastonbury. Plaintiff-decedent became a member of Common Ground in the fall of 1988. Following a failed attempt at a prior suicide, certain restrictions were placed on plaintiff-decedent's participation in certain designated activities. Plaintiff-decedent was permitted to attend supervised on-site activities but precluded from participating in functions not conducted on facility grounds.
On May 13, 1989 plaintiff-decedent was dropped off on the premises of the Common Ground by his parents. Plaintiff-decedent planned to participate in a dinner outing sponsored by Common Ground in the New London area. The evidence is unclear as to whether plaintiff-decedent was invited to attend this function by a representative of Common Ground, or by another participant of Common Ground. After plaintiff-decedent's arrival in Glastonbury, a recreational counselor advised him he could not attend the dinner outing in New London. The counselor then made arrangements for a volunteer to drive plaintiff-decedent to a restaurant near his home, as plaintiff-decedent had requested.
It is undisputed that plaintiff-decedent was returned to his home earlier than had been anticipated by his parents. He then thereafter self-immolated, expiring fifteen hours later.
The gravamen of plaintiff's complaint is that the plaintiff-decedent's death would not have resulted if he had been returned to his home, after the dinner trip, when his parent-guardians were expected to be present.
Defendant moves for summary judgment as to both the first CT Page 2959 and second counts. The defendant alleges there is no issue as to any material fact as to whether the defendant owed a legal duty to provide constant supervision to the plaintiff-decedent at the time of his death. As to the second count, defendant alleges there is no issue as to any material fact involving the question of whether or not a contract existed between plaintiff-decedent and the defendant and that plaintiff-decedent's injuries and resulting death could not have arisen as a result of a breach of a contract by the defendant.
In Shore v. Town of Stonington, 187 Conn. 147 (1982), our Supreme Court stated, "Negligence is a breach of duty," (quoting Urban v. Hartford Gas Co., 139 Conn. 301, 304 (1952)). In Cumis Insurance Society, Inc. v. Windsor Bank Trust Co., 736 F. Sup. 1226,1235 (D.Conn. 1990), the court stated:
 To sustain a cause of action in tort, the court must first determine whether the defendant in fact owed a duty to plaintiff. Shore, 187 Conn. at 151. Existence of a duty is a question of law. Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 44
(1985). Requisite duty of care may arise from contract, statute, or circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result. Coburn v. Lenox Homes, 186 Conn. 370, 375 (1982).
 Negligence cannot be predicated upon failure to perform an act which the actor was under no duty or obligation to perform. Sheiman, 4 Conn. App. at 45.
 Thus, in actions based on omissions to act, or non-feasance, it is necessary that there exist some definite relation between the parties such that social policy justifies the imposition of a duty to act. W. Prosser W. Keeton, The Law of Torts 374 (5th Ed. 1984).
To determine if a special relationship existed creating a duty on defendant's part, the court must establish whether a duty exists. The court may decide whether a contract existed between the defendant and plaintiff-decedent creating a special duty to supervise. Cumis Insurance Society, Inc.,736 F. Supp. at 1235 (quoting Coburn, 186 Conn. at 375). Furthermore, in the absence of a statute, the court may determine whether circumstances [existed] under which a reasonable person would anticipate that harm of the general nature of that suffered by the plaintiff-decedent was likely to result. Id.
In determining whether circumstances existed which created a duty, the trier of facts must look to the evidence presented. CT Page 2960 Evidence as to prior conduct between the parties may aid in establishing whether circumstances gave rise to a creation of a duty. The trier needs to determine whether the defendant assumed responsibility for plaintiff-decedent on prior occasions; and whether plaintiff-decedent's parents relied on that prior conduct when they left their son on the premises of Common Ground. Further, the foreseeability of the suicide based on prior experiences with the plaintiff-decedent may be a circumstance which gives rise to a duty.
It is manifest that a special relationship, if any, between the defendant and the plaintiff-decedent is an issue of fact requiring contested evidence.
Accordingly, the defendant's motion for summary judgment is denied.
SPADA, JUDGE