[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR P.J.R.
The following facts are alleged in the complaint. The plaintiff, Lisa J. Lippia, is a real estate agent licensed in the State of Connecticut. The defendant, Leon C. Lech, d/b/a L C Realty, is a real estate broker licensed in the State of Connecticut. The defendant agreed to turn over any and all commissions procured by the plaintiff as agent for L C Realty pursuant to a letter agreement dated June 4, 1991, and entered as Plaintiff's exhibit A at the hearing before this court. The Wethersfield Trust, as the owner of Buckingham Village Shopping Center ("Buckingham Village") in Glastonbury, Connecticut, entered into a written leasing commission schedule for the leasing of property at Buckingham Village with L C Realty. The document was entered as Plaintiff's exhibit B at the hearing before this court.
The defendant testified at the hearing before this court that Buckingham Village is owned by the Wethersfield Trust of which he is a trustee and in which he has a one-half beneficiary interest.
The plaintiff alleges that she procured a tenant, Highland Park Market ("Highland Park") of Glastonbury, for Buckingham Village. Highland Park executed a lease, entered as Plaintiff's exhibit C at the hearing before this court, with Wethersfield Trust on August 8, 1991. Paragraph 15.07 of this lease warrants that Highland Park has dealt with no broker other than L C Real Estate.
The plaintiff alleges that as a result of her efforts, the defendant owes the plaintiff $36,000.00 as a commission pursuant to the leasing commission schedule.
The plaintiff now applies for a prejudgment remedy against the defendant in the amount of $40,000.00.
 In determining whether to grant an application for a prejudgment remedy, pursuant to General Statutes Sec. 52-278d, "the trial court's function is to determine CT Page 7062 whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits . . . . `The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim . . . . The court's role in such a hearing is to determine probable success by weighing probabilities.' . . . . Moreover, this weighing process applies to both legal and factual issues."
 (Citations omitted.) Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156 595 A.2d 872 (1991).
Hoke, Inc. v. Circuits, Inc., 26 Conn. App. 804, 804-805,602 A.2d 1075 (1992) (footnote omitted).
The defendant argues that the plaintiff has failed to show that a judgment will probably be rendered in her favor because the plaintiff may not recover a commission where there is no agreement between the owners of Buckingham Village and the defendant which comports with the provisions of General Statutes Sec. 20-325a.
 The right of a real estate broker to recover a commission is dependent upon whether the listing agreement meets the requirements of [General Statutes] Sec. 20-325a(b). [Citations omitted.] Section Sec. 20-325a(b) requires that the listing agreement: "(1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executes in the manner provided for conveyances in section 47-5, and by the real estate broker CT Page 7063 or is authorized agent." In addition, the broker ordinarily must prove that it has found a buyer that is ready, willing and able to purchase the property on terms agreed to by the seller. [Citations omitted.]
McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 514,590 A.2d 438 (1991).
The lease commission schedule, Plaintiff's exhibit B, which is the only document presented by the plaintiff which could pass for a listing agreement, nowhere contains the name and address of the Wethersfield Trust. This omission precludes the recovery of a commission from the Wethersfield Trust.
The plaintiff argues that General Statutes Sec.20-325a is inapplicable to the present action because the present action involves merely the provisions of the employment contract between the plaintiff and the defendant by which the defendant was to compensate the plaintiff for services rendered. See Holmes v. Preferred Properties, Inc., 190 Conn. 808, 813, 462 A.2d 1057 (1983). Assuming, arguendo, that the lease commission schedule constitutes a valid listing agreement, it is an agreement between L C Realty and the owner of Buckingham Village. The defendant testified at the hearing before this court that he has never heard of L C Realty and that he does not do business as L C Realty. Accordingly, he argues that he is not entitled to a commission from the Wethersfield Trust resulting from the leasing of space at Buckingham Village; see Dow Condon, Inc. v. Anderson, 203 Conn. 475, 481, 525 A.2d 935 (1987); and, therefore, the plaintiff is not entitled to any commission under the terms of her agreement with the defendant. Although the plaintiff claims that L C Realty is a trade name used by the defendant, the plaintiff provided no documentation to support this assertion.
The court denies the plaintiff's application for a prejudgment remedy because the plaintiff has failed to show probable cause that judgment will be rendered in her favor.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision, CT Page 7064 Michael Kokoszka, Chief Clerk