[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
After a review of the substituted complaint submitted by the plaintiff, the court concludes that the complaint is sufficiently amended so as to state a cause of action for the recovery of her commission from the real estate broker, Leon C. Lech. The critical change between the previous complaint dated July 30, 1992 and the substituted complaint is found in paragraphs nine and ten of the substituted complaint.[1]
In the earlier complaint, which was stricken for a failure to state a cause of action, the plaintiff specifically stated in paragraph nine that she sought a real estate commission pursuant to the Leasing Commission Schedule. The Leasing Commission Schedule did not comply with the requirements of CT Page 2624 General Statutes Sec. 20-325.
However, in paragraphs nine and ten of the substituted complaint the plaintiff now alleges that she is entitled to the commission pursuant to an employment agreement between her and Lech. In paragraph nine of the amended complaint the plaintiff alleges that Wethersfield Trust, the lessor, paid $36,000 to Lech as commission for the procurement of a tenant. The plaintiff alleges in paragraph ten that as the result of her efforts as a real estate agent and pursuant to the employment agreement between the plaintiff and the defendant, the defendant owes the plaintiff the commission received by the defendant in accordance with the Leasing Commission Schedule. Although the Leasing Commission Schedule does not comply with the requirements of General Statutes Sec.20-325, the plaintiff pleads a more colorable claim because her complaint now clearly states that she seeks the commission from the real estate broker and not from the land owner based upon contract. The Leasing Commission Schedule is merely used to establish that Lech received a commission for the procurement of a tenant, which the plaintiff alleges she should paid. The complaint now more properly alleges a contract action by an employee real estate salesperson against the employer real estate broker. The change in the plaintiff's complaint is significant because unlike the previous complaint where the sole grounds for recovery was the validity of the Leasing Commission Schedule, which did not meet the requirements of General Statutes Sec. 20-325, the amended complaint more properly alleges sufficient facts which state a claim for recovery based on a contractual relationship which may be outside the mandates of General Statutes Sec. 20-325. It appears that this case, as it is now alleged, is on point with Holmes v. Preferred Properties, Inc., 190 Conn. 808 (1983), and therefore the motion to strike is denied.
HIGGINS, J.