[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE
MOTION TO STRIKE
CT Page 5611
The plaintiff, Lisa Lippia, commenced the current action by complaint dated August 9, 1993, against two defendants. The complaint is in four counts. The first two counts are directed against the defendant Wethersfield Trust. Counts Three and Four are directed against the defendant Leon Lech.
The plaintiff alleges that she is a licensed real estate agent and was associated with the defendant Lech, a real estate broker and owner of L C Realty, Inc. She further alleges that through her efforts as agent for L C Realty, a tenant was secured for rental of space, in Glastonbury on behalf of the defendant Wethersfield Trust as lessor.
The plaintiff alleges that the lease agreement entered into between Wethersfield Trust and the tenant provided for the payment of brokerage fees by Wethersfield Trust to L 
C Realty. The plaintiff further alleges that she has not received any compensation for her efforts.
Both defendants have filed this current motion to strike the complaint in its entirety, claiming that it fails to state a cause of action for which relief may be granted. The defendants argue that the plaintiff is attempting to recover a real estate commission but has failed to comply with the statutory requirements.
DISCUSSION
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). In deciding upon a motion to strike a trial court must take the facts to be those alleged in the pleadings and cannot be aided by the assumption of any facts not therein alleged.Liljedahl Bros., Inc. v. Grisby, 215 Conn. 345, 348 (1990). "The court must construe the facts in the [pleadings] in the manner most favorable to the non-moving party." Rowe v. Godou,209 Conn. 273, 378 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos, supra, 109.
 I.
In deciding this motion to strike, this court must CT Page 5612 determine whether the plaintiff is seeking to recover a real estate commission. If so, the plaintiff's action could not succeed without satisfying the requirements of General Statutes § 20-325a. This statute provides that the right to recover a commission is dependent upon the existence of a listing agreement which is written and contains all of the matter set forth in the statute. New England Land Co., Ltd. v. DeMarkey,213 Conn. 612, 621 (1992).[1]
The plaintiff argues, however, that General Statutes § 20-325a is not applicable in the present case. The plaintiff claims that this is not an action to recover a real estate commission. Resolution of this issue is dispositive in deciding the motion to strike the four counts of this complaint.
 A.
The plaintiff alleges that Wethersfield Trust agreed to pay brokerage fees to L C Realty and that she was intended to be a third party beneficiary of this agreement (Count One). She also alleges that Wethersfield Trust was obliged to pay fees directly to her for acquiring tenants for it (Count Two). This court can not permit the plaintiff to circumvent the requirements of § 20-325a by characterizing her action as something different than what it really is. The body of the complaint makes it clear that the only claim the plaintiff could have against Wethersfield Trust would be to recover a real estate commission. This she can not do without complying with § 20-325a. The requirements of this statute are mandatory and not permissive. Thornton Real Estate, Inc. v. Lobdell,184 Conn. 228, 230 (1981). Accordingly, the motion to strike Counts One and Two is granted.
 B.
The plaintiff alleges that she entered into a written contract with the defendant Lech whereby she was to be paid all commissions generated by her, and further alleges that Lech has failed to pay her. The plaintiff claims that the defendant, by this conduct, has violated General Statutes § 31-72[2] (Count Three); and is also liable under a theory of fraudulent misrepresentation (Count Four).
The defendant argues that what the plaintiff is really seeking is the payment of a real estate commission without CT Page 5613 alleging compliance with the statute. The defendant therefore further argues that the plaintiff should not be permitted to effect an "end run" around the requirements of § 20-325a.
Of course, the fact that the plaintiff styles her complaint as sounding in fraudulent misrepresentation and violation of statute is not dispositive. If what is really sought is recovery of a real estate commission, compliance with General Statutes § 20-325a must be alleged.
When viewing the complaint in the light most favorable to the plaintiff, as is required for purposes of this motion, sufficient allegations have been made to state a claim by an employee real estate salesperson against the employer real estate broker. The Connecticut Supreme Court has held that such a claim in the employment context falls outside the scope of § 20-325a(b). Holmes v. Preferred Properties, Inc.,190 Conn. 808 (1983). The plaintiff has alleged enough to withstand this motion and should be allowed the opportunity to show that this case is on point with Holmes and that therefore General Statutes § 20-325a(b) is not applicable. Accordingly, the motion to strike the third and fourth counts is denied.
The Motion to Strike Counts One and Two is granted.
The Motion to Strike Counts Three and Four is denied.
LEONARD W. DORSEY STATE TRIAL REFEREE