[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts as alleged in the complaint are as follows. The plaintiff, Irit Perkins, a real estate salesperson, worked as an independent contractor for the defendant, Elston Associates, a real estate brokerage. (Amended Complaint, Count One ¶¶ 3-5.) The plaintiff and defendant brokerage entered into an agreement wherein the plaintiff was to receive as compensation a percentage of the commission received by the brokerage, if the plaintiffs husband, his partner, or a real property holding company owned by them purchased any real property through the brokerage. (Amended Complaint, Count One ¶ 5.) Due to the plaintiffs efforts, the defendant brokerage sold some property to a partner of the plaintiff's husband and received a commission. (Amended Complaint, Count One ¶¶ 7 8.) The defendant brokerage did not pay the agreed upon compensation to the plaintiff upon the sale of the property. (Amended Complaint, Count One ¶ 9.) In counts one through four of her amended complaint, the plaintiff brings claims against the defendant brokerage for breach of contract, fraudulent misrepresentation, conversion and violation of the Connecticut Unfair Trade Practices Act (CUTPA). In Count five the plaintiff alleges that the defendant Laurie Elston, an individual professionally affiliated with the defendant brokerage, intentionally and tortiously interfered with the plaintiffs business relationship with the brokerage.
Both defendants now move for summary judgment on the ground that the plaintiff is not entitled to any compensation because she did not comply with General Statutes § 20-325a,[1]
which requires that a person must have a valid real estate license to sue for a commission. In CMG Realty of Connecticut,Inc. v. Colonade One Ltd. Partnership, 36 Conn. App. 653,653 A.2d 207 (1995), which the defendants cite to support their motion, the court held that a party suing to recover a real estate sales commission must possess a valid real estate license at the time the action is brought and at the time the services are rendered. The defendants assert that since the plaintiff did not have a CT Page 1936 license at the time she claims to have rendered the services for which she now seeks compensation, she cannot bring suit to recover a commission and the defendant is entitled to judgment as a matter of law.
In opposition, the plaintiff asserts that General Statutes § 20-325a does not apply, because she is not seeking a commission. The plaintiff argues that the defendant brokerage made an agreement to split the commission with her as compensation while she was working as an independent contractor for the brokerage.
Generally, courts have found that General Statutes §20-325a applies only to listing agreements between the property owner and a real estate broker. See William Pitt, Inc. v. Taylor,186 Conn. 82, 438 A.2d 1206 (1982) (the requirements of §20-325a pertain only to a listing contract not a sales contract):Dow Condon, Inc. v. Robert H. Anderson, et al, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 314038 (May 2, 1986, Satter, J.) (1 CSCR 289) (§ 20-325a
refers to a listing agreement between the seller and real estate broker), aff'd on other grounds, 203 Conn. 475, 525 A.2d 935
(1987): Conda v. Christensen, 11 Conn. App. 557, 528 A.2d 1159
(1987) (the statutory language of § 20-325a refers to the listing broker and the seller of the property entering into a standard listing agreement). In Conda, the court reasoned that a narrow application of § 20-325a is logical and justified based upon the legislative history, "Several comments were made during hearings and debate to the effect that the statute was enacted specifically to protect the unsophisticated home buyer." Conda v.Christensen, supra, 11 Conn. App. 563 n. 3.
"[T]he requirements of General Statutes § 20-325a(b) are not applicable to a suit on an employment contract brought by an employee real estate salesman against his employer real estate agency for a share of commissions paid to the agency." Holmes v.Preferred Properties, Inc., 190 Conn. 808, 813, 462 A.2d 1057
(1983); see also Conda v. Christensen, 11 Conn. App. 557,528 A.2d 1159 (1987). In Holmes, a real estate salesperson sought recovery of compensation due to him under the terms of an employment contract with a brokerage that employed him. The court found that the case was not for payment of a commission, but a suit by an employee under an employment contract for a share of the commission paid to his employer. Id.
CT Page 1937 The present case is analogous to Holmes. The plaintiff seeks her compensatory share of the sales commission based upon the employment agreement. The defendants have not met their burden cf demonstrating that this case comes under the requirements of § 20-325a. Therefore, they are not entitled to summary judgment as a matter of law.
Furthermore, even if this were a claim under a brokerage contract, § 20-325a would not bar the claim, because the plaintiff had a valid real estate license at the two critical times recognized in CMG Realty of Connecticut, Inc. v. ColonadeOne Ltd. Partnership, supra, 36 Conn. App. 653, namely, when the action to recover was brought and at the time the services were rendered. The defendant brokerage entered into a sales agreement with the buyers on August 8, 1996 which set a closing date of October 31, 1996. A certification of licensure shows that the plaintiff allowed her license to lapse from May 31, 1996 to October 31, 1996 and that she was active at all other times until the expiration date of May 31, 1997. Although she was not licensed at the time the sales agreement was executed or the closing, such a lapse does not bar a claim for a commission under § 20-325a. See Landvest, Inc. v. Byers, Superior Court, judicial district of Litchfield, Docket No. 042219 (July 15, 1986, Allen, J.) (inadvertent lapse of license at time when buyer made offer not sufficient to bar claim under § 20-325a). The plaintiff filed this action on March 4, 1997, at which time she was licensed. The plaintiff maintains that she accompanied the buyers to view numerous houses during the two years prior and including 1996. In her affidavit the plaintiff asserts that she discussed the house in question with the buyers prior to the defendant brokerage discussing the house with the buyers, and that she had a valid real estate license when she introduced the buyers to the defendant brokerage. Also, the buyer asserts in his affidavit that he discussed the house in question and issues related to its purchase with the plaintiff while the plaintiff was a duly licensed real estate salesperson. These facts are sufficient to show that the plaintiff was licensed at all times relevant to § 20-325a.
In summary, the plaintiff seeks enforcement of a contractual agreement she had with the defendant brokerage and § 20-325a
does not apply to the contractual relationship between the plaintiff and the defendant brokerage. In addition, even if § 20-325a applied to this case, the plaintiff held a valid real estate license during critical time periods as required CT Page 1938 under § 20-325a. As a matter of law the defendants are not entitled to summary judgment.
Accordingly, the defendants' Motion for Summary Judgment (#169) is denied.
HARTMERE, J.