[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of the sale of real property. The plaintiffs, Mary Moran and Stephen Moran, and the defendant, Valerie Gallo, are in dispute over the commission allegedly due to the plaintiffs for the sale of the defendant's property. The defendant's property was sold on February 12, 1999 for $1,045,000 and the plaintiffs, real estate brokers who listed the property for sale, claimed a brokerage commission. The defendant disputed the plaintiffs right to recover any commission on the sale. Nevertheless, the defendant made a settlement offer to the plaintiff in the amount of $20,000, which the plaintiff orally accepted. It is alleged that following the plaintiffs' acceptance of the offer, the defendant advised the plaintiffs that she was no longer willing to settle the plaintiffs' claim.
In response, the plaintiffs filed a four count complaint against the defendant alleging breach of a real estate brokerage commission contract (count one), breach of a settlement agreement (count two), and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") (counts three and four). The defendant filed an answer and special defenses in which she asserted, inter alia, that counts two and four are barred by General Statutes § 20-325a.
On December 27, 1999, the defendant filed a motion for summary judgment as to counts two and four of the plaintiffs amended complaint on the ground that they are barred by § 20-325a. The defendant filed a memorandum in support of their motion. On January 12, 2000, the plaintiffs filed an objection to the defendant's motion for summary judgment and a memorandum in support thereof.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, CT Page 11564 entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000).
In count two of the amended complaint, the plaintiffs allege that the defendant breached an oral settlement agreement for the real estate commission due on the sale of the defendant's property. The defendant argues that summary judgment should be granted as to this count on the ground that it is barred by General Statutes § 20-325a and is, therefore, legally insufficient. Specifically, the defendant argues that the plaintiffs cannot bring an action to recover a real estate brokerage commission based on the oral settlement agreement because the agreement does not comply with the requirements of § 20-325a. In response, the plaintiffs contend that because § 20-325a does not apply to settlement agreements, the defendant's motion for summary judgment must be denied.
General Statutes § 20-325a provides in relevant part that "(a) No person who is not licensed under the provisions of this chapter . . . shall commence or bring any action in any court of this state . . . to recover any commission, compensation or other payment in respect of any acts done or services rendered by him . . .; (b) No person licensed under the provisions of this chapter, shall commence or bring any action in respect of any acts done or services rendered . . . as set forth in subsection (a), unless the acts or services were rendered pursuant to a contract or authorization from the person for whom the acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing. . . ."
There are no Connecticut cases that directly discuss the issue of whether § 20-325a applies to settlement agreements regarding real estate commissions. However, there are a number of analogous cases that indicate § 20-325a does not apply to settlement agreements.
In Holmes v. Preferred Properties, Inc., 190 Conn. 808, 462 A.2d 1057
(1983), the Connecticut Supreme Court found that an employment agreement between a real estate agency and a real estate salesperson was separate and distinct from a listing agreement and thus was not subject to §20-325a. The court reasoned that "[t]his is not an action for a commission; rather, it is a suit by an employee under an employment contract for a commission paid to his employer . . . [and thus is not] within the contemplation of the statute. . . . What the plaintiff and defendant really contracted for is not the payment of a commission but a division of the fruits of their joint efforts which come to them from the owner in the shape of a commission." Id., 812-13. CT Page 11565
Similarly, in William Pitt, Inc. v. Taylor, 186 Conn. 82, 438 A.2d 1206
(1982), the Supreme Court found error in the trial court's application of the requirements of § 20-325a to a real estate sales contract. In reversing the trial court, the court observed that the real estate listing agreement was an undertaking separate and apart from the sales contract. The court held that the writing required by § 20-325a
pertained only to the listing agreement and not to the sales contract. SeeWilliam Pitt, Inc. v. Taylor, supra, 186 Conn. 84. As stated by the Supreme Court, "[i]mplicit in [the William Pitt, Inc. v. Taylor] decision was the rejection of the notion that all contracts related to real estate must conform to 20-325a." Holmes v. Preferred Properties, Inc., supra,190 Conn. 812.
In addition, in Conda v. Christensen, 11 Conn. App. 557, 528 A.2d 1159
(1987), a real estate broker sought to recover a share of a real estate commission allegedly owed to him pursuant to a cobrokerage agreement. The defendants, licensed real estate brokers, claimed that the cobrokerage agreement was unenforceable because it did not comply with § 20-325a. In affirming the trial court's ruling that § 20-325a does not apply to a fee-splitting agreement between a listing broker and a cobroker, the Appellate Court stated that "[t]he rational interpretation [of §20-325a] is that the statutory language refers to the listing broker and the seller of the property entering into a standard listing agreement." (Emphasis added.) Id., 564.
In the present case, the agreement the plaintiffs seek to enforce in count two of the amended complaint is the oral settlement agreement. This agreement is separate and distinct from the contract for the real estate brokerage commission. The fact that the underlying subject matter relates to the payment of a real estate commission is irrelevant. Therefore, the requirements of § 20-325a are not applicable. Accordingly, the defendant is not entitled to summary judgment as a matter of law with respect to count two of the amended complaint.
In count four of the amended complaint, the plaintiffs allege that as a result of the defendant's breach of the settlement agreement the defendant violated CUTPA. Because the basis of the defendant's motion for summary judgment as to count four of the plaintiffs' amended complaint is dependent upon the legal insufficiency of the plaintiffs' claim in count two, the defendant's motion for summary judgment as to count four is denied.
SKOLNICK, JUDGE.