[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sandi Klein, filed a four count complaint against the defendant, William Raveis Real Estate, Inc., alleging breach of contract (first count), violation of General Statutes § 31-72[1] (second count), breach of contract (third count) and a violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA) (fourth count).
In her complaint, the plaintiff describes herself as a real estate broker who was hired by the defendant as a broker/sales person. In the first count, the plaintiff alleges that on or about May 24, 1999, acting as the listing agent for the defendant, she executed an exclusive right to sell listing agreement to sell property owned by William and Roberta Warburton. The original listing, which expired in November, 1999, was renewed until September 30, 2000, but the plaintiff left the employ of the defendant on August 1, 2000. The plaintiff further contends that during the months of August and September of 2000, with the knowledge and approval of the defendant, she engaged in active negotiations on behalf of the Warburtons with prospective purchasers, Malcolm and Lucille Ball. The plaintiff seeks to be compensated by the defendant for her efforts in servicing the Warburton listing and participating in the sale of the property. The plaintiff also alleges that the defendant "agreed verbally, and thereafter in writing on September 22, 2000, to compensate Plaintiff CT Page 5029 Klein for her efforts in connection with the Listing should Ball and Warburton agree on a sales price, within 45 days from the date that the Warburton Property was re-listed with" the defendant.
The defendant has filed a motion (#101; Sh. Cal. 1/29/01; col. 6, pos. 52) to strike each of the four counts of the plaintiff's complaint on the grounds that: (1) the first count is barred by General Statutes §20-325a (b);[2] (2) the second count is also barred by § 20-325a
(b) and must be stricken because the plaintiff has not alleged that the defendant acted unreasonably or in bad faith; (3) the third count is barred by § 20-325a (b) and should be stricken because it violates Practice Book § 10-1; and (4) the fourth count is barred by §20-325a (b) and must be stricken because the plaintiff does not claim any consumer relationship with the defendant.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr.,P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980).
"The statutory scheme of § 20-325a requires that a party who sues for a real estate commission must first show that the written contract or authorization under which the claim is made satisfies the facial
requirements of the statute as to names, addresses, date, conditions and signatures." (Emphasis in original.) CMG Realty of Connecticut, Inc. v.Colonnade One Ltd. Partnership, 36 Conn. App. 653, 658, 653 A.2d 207
(1995). "[L]isting contracts are governed exclusively by § 20-325a."Holmes v. Preferred Properties, Inc., 190 Conn. 808, 811, 462 A.2d 1057
(1983). If "no listing agreement was in effect when the plaintiff's services were rendered, the plaintiff is statutorily barred from recovering a commission. A broker who does not follow the mandate of the statute does so at his peril." (Internal quotation marks omitted.) NewEngland Investment Properties, Inc. v. Spire Realty Dev. Corp., CT Page 503031 Conn. App. 682, 686, 626 A.2d 1316 (1993).
The defendant argues that the first count is barred by General Statutes § 20-325a (b) because the plaintiff seeks to recover a commission for the sale of certain real property when the services she allegedly rendered in connection with the sale were not rendered pursuant to a contract or authorization from the sellers of the real property. The plaintiff argues that the first count is legally sufficient because she does not seek to recover a real estate commission from the seller, but seeks instead, pursuant to Holmes v. Preferred Properties, Inc., supra,190 Conn. 812, to recover for services rendered arising out of a direct contractual relationship with the defendant.
In Holmes v. Preferred Properties, Inc., supra, 190 Conn. 808, the court held that an independent employment agreement between licensed real estate brokers was not covered by General Statutes § 20-325a (b). Id., 813. The court found that the employment agreement was separate and apart from the listing agreement and that "[t]he plaintiff's suit did not depend on the listing agreement. This is not an action for a commission; rather, it is a suit by an employee under an employment contract for a commission paid to his employer. . . . What the plaintiff and the defendant really contracted for is not the payment of a commission but a division of the fruits of their joint efforts which come to them from the owner in the shape of a commission." (Citations omitted.) Id., 812-13; see also Conda v. Christensen, 11 Conn. App. 557, 562, 528 A.2d 1159
(1987) (the court held that § 20-325a did not apply to a cobrokerage agreement because "the plaintiff's suit does not depend upon the listing agreement. This is not an action for a commission, but rather a suit to enforce the cobrokerage agreement by which the plaintiff and the defendant agreed to divide the fruits of their joint efforts").
The plaintiff has alleged sufficient facts for recovery based on a separate contractual relationship that existed with the defendant because the plaintiff's claim does not depend on a listing agreement, i.e., this is not an action for a commission. See Holmes v. Preferred Properties,Inc., supra, 190 Conn. 812. Consequently, the defendant's motion to strike the first count of the plaintiff's complaint is denied.
The defendant argues that the second count is also barred by General Statutes § 20-325a(b) and must be stricken because the plaintiff has not alleged that the defendant acted unreasonably or in bad faith. The plaintiff contends that the second count is legally sufficient because § 20-325a (b) does not apply to the contract alleged in the first count and, furthennore, pursuant to General Statutes § 31-72, the plaintiff need not allege that the defendant acted unreasonably or in bad faith. CT Page 5031
"Section 31-72 provides for a discretionary award of double damages to employees who are successful in actions against their employers for wages due. Although the statutory language does not require evidence of bad faith, arbitrariness or unreasonableness, cases interpreting and applying this statute have required such evidence. See Sansone v. Clfford,219 Conn. 217, 229, 592 A.2d 931 (1991) (`[i]n an action for wages brought pursuant to General Statutes § 31-72, awards for double damages and attorney's fees are inappropriate in the absence of the trial court's finding of bad faith, arbitrariness or unreasonableness' [internal quotation marks omitted])." Butler v. Hartford TechnicalInstitute, Inc., 243 Conn. 454, 470, 704 A.2d 222 (1997).
In the first count, the plaintiff alleges breach of contract. The plaintiff does not allege that the defendant acted arbitrarily, unreasonably or in bad faith. Therefore, the plaintiff's allegations are not sufficient to award double damages pursuant to § 31-72. D'Aquilav. Environmental Systems Products, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 455259 (November 18, 1993, Berger, J.); see also Mixon v. Weatherby Associates,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317021 (November 13, 1996, Thim, J.); Anderson v. Possidento, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 110699 (April 27, 1993, Barnett, J.). Accordingly, the defendant's motion to strike the second count of the plaintiff's complaint is granted.
The defendant argues that the third count is also barred by General Statutes § 20-325a (b) and must be stricken because it violates Practice Book § 10-1[3] in that the plaintiff "makes the exact same breach of contract claim made in the first count, the only difference being that she then goes on to plead the evidence by which the allegations of the first count are to be proven." The plaintiff argues that the third count is legally sufficient because it alleges a second contract, separate and apart from the contract alleged in the first count. The plaintiff also argues that Practice Book § 10-1 is not a proper authority upon which to support a motion to strike.
In the third count, the plaintiff incorporates paragraphs one through twelve of the first count and alleges that, on October 31, 2000, the defendant "admitted its obligation to Plaintiff in writing, and agreed to pay Plaintiff Klein the sum of $12,043.75, in connection with the transaction of sale from Warburton to Ball." The plaintiff's claim is not barred by General Statutes § 20-325a (b) because the plaintiff has alleged sufficient facts for recovery based on a contractual relationship, i.e., the sum offered by the defendant was not derived from a listing agreement. Furthermore, the third count does not violate CT Page 5032 General Statutes § 10-1 because the plaintiff has alleged a contract separate from the contract alleged in the first count. Consequently, the defendant's motion to strike the third count of the plaintiff's complaint is denied.
The defendant argues that the fourth count is barred by General Statutes § 20-325a (b) and must also be stricken because the plaintiff merely alleges a "simple breach of a contractual relation with the defendant, but does not claim any "consumer relationship" with the defendant. The plaintiff argues that CUTPA imposes no requirement of a consumer relationship.
CUTPA provides an independent cause of action for "unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). The Supreme Court has written: "We previously have stated in no uncertain terms that CUTPA imposes no requirement of a consumer relationship." Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,496, 656 A.2d 1009 (1995). Consequently, the defendant's motion to strike the fourth count of the plaintiff's complaint is denied.
In conclusion, the defendant's motion to strike the first, third and fourth counts of the complaint is denied, and the motion to strike the second count is granted.
So Ordered.
Dated at Stamford, Connecticut, this 10th day of April, 2001.
William B. Lewis